# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7822 | **DATE** | 3/4/2004 |
| **CASE TITLE** | TAP PHARMACEUTICAL PRODUCTS, ET AL vs. ATRIX LABS, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendants motion to stay (20-1) is granted. Enter Memorandum Opinion and Order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 33 |
| ✓ | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAR 0 5 2004**

TAP PHARMACEUTICAL PRODUCTS,
INC., TAKEDA CHEMICAL
INDUSTRIES, LTD. and WAKO PURE
CHEMICAL INDUSTRIES LTD.,

Plaintiffs,

v.

ATRIX LABORATORIES, INC. and
SANOFI-SYNTHELABO INC.,

Defendants.

No. 03 C 7822
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On November 3, 2003, Plaintiffs Tap Pharmaceutical Products Inc. ("TAP"), Takeda Chemical Industries, Ltd. ("Takeda"), and Wako Pure Chemical Industries, Ltd. ("Wako") filed suit against Defendants Atrix Laboratories, Inc. ("Atrix") and Sanofi-Synthelabo, Inc. ("Sanofi") alleging infringement of United States Patent No. 4,728,721 ("721 patent").[1] Prior to filing this suit, Plaintiffs successfully pursued a similar claim against Oakwood Laboratories, L.L.C. ("Oakwood") who have subsequently requested reexamination of the '721 patent by the Patent and Trademark Office ("PTO"). A second request for reexamination was made by an independent, undisclosed party. Both of these requests were granted before the instant suit was filed. Because of these two pending reexaminations, Defendants now move to stay these proceedings pending the resolution of the PTO's proceedings.

---

[1] Takeda and Wako are joint owners of the '721 patent and TAP is their exclusive licencee.



Determining whether to grant a stay pending the outcome of the PTO's reexamination is a matter soundly within my discretion. *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed. Cir. 1983); *Emhart Industries, Inc. v. Sankyo Seiki MFG. Co., LTD.,* 3 U.S.P.Q.2d (BNA) 1889 (N.D. Ill. 1987). When ruling on such a stay, courts have considered the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Wireless Spectrum Techs., Inc. v. Motorola Corp.,* 57 U.S.P.Q.2d (BNA) 1662, 1663 (N.D. Ill. 2001). I find each of these factors weighs in favor of staying these proceedings.

1. Prejudice to the Plaintiff

Plaintiffs have known from the start of this case three months ago that the pending reexaminations could create grounds for a stay. As of yet, this case has not progressed beyond the initial pleadings stage; the parties have not engaged in any discovery and have not filed any other substantive motions. Since the litigation is at such an early stage and since Plaintiffs had notice of the pending reexaminations, I find they will not be unduly prejudiced by a stay. *See Wireless Specturm,* 57 U.S.P.Q.2d (BNA) at 1664; *Implant Innovations v. Noblpharma AB,* No. 93-C-7489, 1994 U.S. Dist. LEXIS 2033 at *9-10 (N.D. Ill. Feb. 24, 1994).

Plaintiffs argue that despite this, they still will suffer irreparable harm from the ensuing delay. Plaintiffs point out that the '721 patent may expire before the PTO's reexamination is completed, depriving them of any injunctive remedy. However, even if I deny the stay, the patent may still expire before a trial is completed. This is a large and likely complicated patent case with a potential damage award that could reach into the hundreds of millions of dollars (P. Resp.

2

p. 12). In my experience, it is not unusual for such cases to remain in the pretrial stages for two to three years.[2] Alternatively, it is possible that the reexamination will simplify these proceedings and ultimately make up for any delay that has been caused.

Next, the Plaintiffs argue that the delay will allow the alleged infringing product to gain market share, making damages greater and more difficult to collect. Given that Atrix is a company with relatively few assets, Plaintiffs must have already considered the difficulties involved with enforcing a damages award against Sanofi, a French corporation. Any period of delay will not materially alter the need to pursue damages from Sanofi.

2. Simplification of the Issues

As the Federal Circuit has explained, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings). *Gould*, 705 F.2d at 1342. The validity or invalidity of the '721 patent and its underlying claims is at issue both in this court and in the reexamination. Generally speaking, the PTO invalidates 10% of the patents it reexamines and amends the claims in 64%. If these proceedings are not stayed, there is a substantial risk of expending substantial resources on trying the validity of patent claims that may ultimately be cancelled or amended by the PTO. A stay will allow both the parties to take advantage of the PTO's expert analysis of prior art and may limit or narrow the remaining issues.

---

[2] The '721 patent is set to expire on May 1, 2006, a little more than two years from today's date.

3

### 3. Reduction of the Burden Created by Litigation

There is a significant chance that the PTO will either invalidate this patent or drastically decrease its scope. This creates a very real possibility that the parties will waste their resources litigating over issues that will ultimately be rendered moot by the PTO's findings. Simplification of the issues will allow both parties to conserve time and resources. *Emhart*, 3 U.S.P.Q.2d (BNA) at 1890.

For these reasons, Defendants' Motion for Stay is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 4 March 2004