Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7822 | **DATE** | 8/26/2004 |
| **CASE TITLE** | TAP vs. ATRIX LABS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Motion (45-1 and 45-2) for preliminary injunction and briefing is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 03 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | GMA docketing deputy initials | 53 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| DW courtroom deputy's initials | | 2004 SEP -3 AM 8:24 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAP PHARMACEUTICAL PRODUCTS, INC., TAKEDA CHEMICAL INDUSTRIES, LTD., and WACO PURE CHEMICAL INDUSTRIES, LTD. <br><br> Plaintiffs, <br><br> v. <br><br> ATRIX LABORATORIES, INC., and SANOFI SYNTHELABO, INC. <br><br> Defendants. | No. 03 C 7822 <br> Judge James B. Zagel |

DOCKETED
SEP 0 3 2004

## MEMORANDUM OPINION AND ORDER

On November 3, 2003, Plaintiffs Tap Pharmaceutical Products Inc. ("TPP"), Takeda Chemical Industries, Ltd. ("Takeda"), and Wako Pure Chemical Industries, Ltd. ("Wako") (collectively "TAP") filed suit against Defendants Atrix Laboratories, Inc. ("Atrix") and Sanofi-Synthelabo, Inc. ("Sanofi") alleging infringement of United States Patent No. 4,728,721 ("'721 patent"). Prior to filing this suit, TAP successfully pursued a similar claim against Oakwood Laboratories, L.L.C. ("Oakwood") in an Ohio district court. After the court upheld the patent as valid, Oakwood requested and was granted a reexamination of the '721 patent by the Patent and Trademark Office ("PTO"). Because of this pending reexamination, I stayed the proceedings before me. I did, however, invite TAP to pursue a motion for a preliminary injunction, which it did. During preliminary briefing of this issue, the PTO formally rejected the claims of the '721 patent as invalid. TAP has appealed this decision with the PTO.

With this motion, TAP asks that I lift the stay and allow them to proceed with a hearing on a preliminary injunction. To obtain a preliminary injunction, a party must show (1) a

reasonable likelihood of success on the merits, (2) irreparable harm, (3) that the balance of hardships tips in favor of the injunction, and (4) the injunction is in the public interest. *Jack Guttman, Inc. v. Kopykake Enters.*, 302 F.3d 1352, 1356 (Fed. Cir. 2002) (citations omitted). Since the majority of the briefing submitted dealt with the first two factors,[1] that is where I will focus my attention.

Defendants argue that because of TAP's significant delay in filing this suit, TAP cannot now show that they will be irreparably harmed by Defendants' continued market presence. In some cases, an unexcused delay in filing suit can be fatal to claims of irreparable harm. *See High Tech Med. Instrumentation v. New Image Indus.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) ("Absent a good explanation...17 months is a substantial period of delay that militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief."); *Am. Permahedge v. Barcana, Inc.*, 857 F. Supp. 308, 325 (S.D.N.Y. 1994) (plaintiff's fifteen month delay in filing patent suit "is fatal to plaintiff's claim of irreparable injury"); *Rexnord, Inc. v. Laitram Corp.*, 628 F. Supp. 467, 474 (E.D. Wis. 1986) (the "court believes that such failure to promptly commence a suit [until six months after discovery of the alleged infringement] is fatal to defendants' contention of irreparable harm."). The Defendants launched their first allegedly infringing product, the 3-month formulation[2] of Eligard, nearly 18 months before TAP filed this suit in November 2003. In between the introduction of Eligard and

---

[1] Irreparable harm and reasonable likelihood of success are generally thought to be the most important factors in determining whether a preliminary injunction should issue. *Polymer Techs. v. Bridwell*, 103 F.3d 970, 973 (Fed. Cir. 1996); *Jack Guttman*, 302 F.3d at 1356.

[2] The formulation refers to the number of months the patient may go between treatments.

2

this suit, Defendants launched a 4-month formulation of Eligard and announced plans to launch a 6-month formulation of Eligard.

TAP, however, offers an understandable reason for its delay in filing this suit. TAP claims that, at least initially, Defendants' Eligard products failed to gain a significant foothold in TAP's market and, therefore, did not pose a significant threat to sales of its product, Lupron Depot. Lupron Depot is currently available in 1, 3, and 4- month formulations and is the leading product in the market. After June 2003, Eligard's market share began to increase dramatically, causing TAP to take notice. During the fall of 2003, TAP also learned that Defendants planned to release a 6-month formulation of their product, which TAP believed would lead to increasing losses of market share. It is relatively understandable that TAP did not view Defendants' product as a major threat to its business until Defendants started increasing their market share and started making credible statements concerning new, improved products. Thus, I do not think TAP's delay in filing this suit is in any way fatal to their claim of irreparable harm.

Defendants also argue that TAP cannot make an adequate showing of a reasonable likelihood of success. Normally, a decision upholding the validity of a patent, like the one already handed down by the Ohio district court, would establish a reasonable probability of success on the merits. But, here, I must also consider the PTO's preliminary invalidation of the '721 patent. Since the PTO's proceeding has only passed its first stages, I have had difficulty determining what bearing the PTO's preliminary invalidation of the '721 patent should have in these proceedings. At the very minimum, however, the PTO's invalidation raises a substantial question about the patent's validity and is, therefore, fatal to a motion for a preliminary injunction. *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir.

2004); *For Your Ease Only, Inc. v. Natural Sci. Indus.*, 233 F. Supp. 2d 988, 991 (N.D. Ill. 2002). Because I do not think that TAP can make a showing of reasonable probability of success, I am not inclined to lift the stay or to allow TAP to proceed with briefing on a preliminary injunction.[3]

For these reasons, Plaintiff's Motion to Proceed With Preliminary Injunction Proceedings is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 26 August 2004

---

[3] Without a very strong showing of probability of success on the merits, it is unlikely that a preliminary injunction, especially in this case, would be in the public interest. A preliminary injunction would most likely prevent Defendants from bringing their 6-month formulation of Eligard into the market, depriving patients of a cancer treatment that could be administered less frequently than the currently available formulations. Having to sustain fewer injections is a substantial benefit to the cancer patients who are using these drugs and one which they should not be deprived of lightly. Thus, it is also likely that I would deny the preliminary injunction on these grounds as well.

4